# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

In Re:

Jody A Fong aka Jody A Herrig aka Jody A Joiner, *Debtor*

U.S. Bank National Association, *Creditor*

vs.

Jody A Fong aka Jody A Herrig aka Jody A Joiner, *Debtor*

and

Carol F. Dunbar, *Trustee*

Case No. 18-02184-lmj

Chapter: 13

**Date entered on docket: April 1, 2019**

## CONDITIONAL ORDER GRANTING MOTION FOR RELIEF FROM STAY WITH CURATIVE PROVISIONS

**THIS** matter comes before the Court for hearing upon the Motion of U.S. Bank National Association, its subsidiaries, affiliates, predecessors in interest, successors or assigns ("Creditor") for Relief from the Automatic Stay (doc 33). The appearances are Lisa C. Billman of the firm of SouthLaw, P.C.; and Jody A Fong, by Samuel Z. Marks. The Court makes the following findings:

1. A motion for order granting relief from stay was filed on February 28, 2019, and copies were mailed to Trustee and to Debtor and counsel for Debtor. Proper notice with an opportunity for hearing on the motion for relief was served on all interested parties.

2. Creditor claims a secured interest in real property described as follows:

**LOT 339 IN POLK & HUBBELL'S ADDITION TO CAPITAL PARK, AN OFFICIAL PLAT, NOW INCLUDED IN AND FORMING PART OF THE CITY OF DES MOINES, POLK COUNTY, IOWA.**, commonly known as 1350 York St., Des Moines, Iowa 50316 (the "Property").

3. Debtor acknowledges and the Court finds that Debtor failed to make certain post-petition payments due under the Promissory Note and Security Instrument described in Creditor's motion. Debtor is due for (3) payments at $1,382.83 (01/19 – 03/19) less a Suspense Balance of -$385.46, for a total due of $3,763.03. The Court further finds that this constitutes sufficient cause pursuant to 11 U.S.C §362(d) to lift the Automatic Stay.

United States Bankruptcy Court
Southern District of Iowa
In re: U.S. Bank National Association v. Jody A. Herrig
Case No. 18-02184-lmj
Chapter 13
Conditional Order Relief From Stay with Curative Provisions
Page 2

4. Notwithstanding Finding number three of this Order, the parties consent and agree to the terms and conditions of this stipulation in full and complete settlement of the Motion for Relief from Automatic Stay.

5. The Debtor agrees to abide by the terms of this agreement and further agrees to cure the post-petition arrearage according to the following payment schedule:

| Arrearage Payment | Due Date |
|---|---|
| $627.18 | 04/15/19 |
| $627.17 | 05/15/19 |
| $627.17 | 06/15/19 |
| $627.17 | 07/15/19 |
| $627.17 | 08/15/19 |
| $627.17 | 09/15/19 |

6. Debtor also agrees to make the on-going post-petition payments when due and as called for under the terms of the Promissory Note and Security Instrument beginning with the **April 1, 2019** payment. Debtor acknowledges that these regular on-going payments are **in addition to** the payments on the arrearage indicated in Finding number five of this Order.

7. All payments under this agreement shall be paid directly to U.S. Bank N.A. Once the arrearage has been paid in full, Debtor shall revert to making the normal current monthly payments when due and as called for under the terms of the Promissory Note and Security Agreement. Time is of the essence to all payments.

8. Should Debtor fail to make **any** of the payments called for above, Creditor shall be then entitled to immediately notify the Court, Debtor, Debtor's counsel and Trustee in writing, of the delinquency. If Debtor fails to fully cure the delinquency within fifteen (15) days, then Creditor may file an Affidavit with this Court specifying with particularity the nature of the default. Upon the filing of such

United States Bankruptcy Court
Southern District of Iowa
In re: U.S. Bank National Association v. Jody A. Herrig
Case No. 18-02184-lmj
Chapter 13
Conditional Order Relief From Stay with Curative Provisions
Page 3

an Affidavit of Default, the stay shall be annulled immediately, and the Court shall enter an Order to document the lifting of the bankruptcy stay.

9. Furthermore, Debtor and Creditor agree that if Debtor, at any time after execution of this Conditional Order, converts this Chapter 13 bankruptcy case to a case under Chapter 7, Creditor shall be then entitled to immediately notify the Court, Debtor, Debtor's counsel and Trustee in writing, of the contractual delinquency. If the Debtor fails to fully cure the contractual delinquency within fifteen (15) days, then Creditor may file an Affidavit with this Court specifying with particularity the nature of the default. Upon the filing of such an Affidavit of Default, the stay shall be annulled immediately, and the Court shall enter an Order to document the lifting of the bankruptcy stay.

**IT IS FURTHER ORDERED** that said Order for Relief from the Automatic Stay shall be effective immediately and that there shall not be a stay of enforcement of this Order pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), and

**IT IS THEREFORE ORDERED, ADJUDGED, AND AGREED** that the above findings shall become orders of this Court.

**IT IS SO ORDERED.**

                                            **/s/ Lee M. Jackwig**
                                               Judge, U.S. Bankruptcy Court

United States Bankruptcy Court
Southern District of Iowa
In re: U.S. Bank National Association v. Jody A. Herrig
Case No. 18-02184-lmj
Chapter 13
Conditional Order Relief From Stay with Curative Provisions
Page 4

**Approved as to form and content:**

SOUTHLAW, P.C.
s/ Lisa C. Billman
Wendee Elliott-Clement, AT0011311
Lisa C. Billman, AT0013550
13160 Foster Suite 100
Overland Park, KS 66213-2660
(913) 663-7600
(913) 663-7899 Fax
iabksdecf@southlaw.com
**ATTORNEYS FOR CREDITOR**


s/ Samuel Z. Marks
Samuel Z. Marks
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA  50311
**ATTORNEY FOR DEBTOR**

File No. 196503
Case No: 18-02184-lmj
Parties receiving this Order from the Clerk of Court:
Electronic Filers in this Chapter Case